UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CECIL KOGER, | ) | CASE NO. 1:07 CV 3438 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STUART HUDSON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 5, 2007, pro se plaintiff Cecil Koger filed this action under 42 U.S.C. §1983 against Mansfield Correctional Institution ("MANCI") Warden Stuart Hudson, MANCI Religious Administrator Gary Simms, and Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins. In the complaint, plaintiff alleges inmates like himself have been denied religious accommodations. He seeks permission to wear dreadlocks, compensation "for our religious persecution," and costs expended to file this action. (Compl. at 5.)

**Background**

Mr. Koger claims that Ohio prison officials have failed to accommodate the exercise of his religion "in a variety of different ways." (Compl. at 3.) He states, without explanation, that the officials retaliate and discriminate against them, forbid them to adhere to appearance mandates, withhold ceremonial items, and deny them "outside medical treatment." (Compl. at 3.) He

contends that he and other inmates filed requests for religious accommodations to Mr. Hudson, Mr. Simms and Mr. Collins. He alleges that some of these requests went unanswered while others were denied. He provides no other information concerning his claims.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Koger purports to file this action on behalf of himself and five other inmates. Only Mr. Koger has signed the complaint. A litigant who wishes to proceed pro se must personally sign the complaint to invoke this court's jurisdiction. See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). As Mr. Koger is not an attorney authorized to represent others, his signature alone is ineffective to bring the claims of these five individuals before the court. Only those claims asserted by Mr. Koger are properly before this Court for consideration.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). Plaintiff's complaint contains only vague conclusory allegations that the defendants violated Mr. Koger's civil rights by failing to accommodate his unspecified religion, in ways which he doesn't describe. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not sufficiently state a claim upon which relief may be granted.

Moreover, to hold a defendant individually liable for damages, the plaintiff must show that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The only allegations against the three named defendants concern their denial of his administrative remedies. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999). Mr. Koger failed to allege facts to reasonably indicate these defendants personally engaged in activities which violated his constitutional rights.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Date: February 21, 2008        S/John R. Adams
                               JOHN R. ADAMS
                               UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.